UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER MIXON,<br>   Plaintiff,<br><br>vs.<br><br>LOUIS GLOSSIP and<br>BRAD ABERNATHY,<br>   Defendants | Case No. 22-4176 |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

Plaintiff, a pro se prisoner, submitted his original complaint, followed by a proposed amended complaint which was filed as a motion for leave to file. [1, 7]. The motion is granted pursuant to Federal Rule of Civil Procedure 15 and the Court will consider the claims alleged in the amended complaint. [7].

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff alleges Defendants Jail Administrators Louis Glossip and Brad Abernathy violated his constitutional rights at the Knox County Jail. Plaintiff says he was incarcerated at the jail for approximately 19 months and there was a black mold

problem. In November of 2021, work crews removed the ceiling from one of the housing units revealing black mold, but no steps were taken to protect inmates. In addition, there was black mold in the showers. Plaintiff says he and other inmates filed grievances about the problem and therefore both Defendants knew about it.

If Plaintiff was a pretrial detainee at the time of his allegation, then his claim arises under the Due Process Clause of the Fourteenth Amendment. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018), *citing Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015). If Plaintiff was convicted of a criminal offense, his claim is pursuant to the Eighth Amendment. *Id.* Either way, Plaintiff must be able to demonstrate the complained of conditions were objectively serious.

"For a condition to be 'sufficiently serious,' it must result in a 'denial of the minimal civilized measure of life's necessities' such as a denial of a basic human need including food, medical care, sanitation, or physical safety." *Arringon v. Donathan*, 2022 WL 4466714, at *2 (C.D.Ill. Sept. 26, 2022), *quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Mays v. Dart*, 453 F.Supp.3d 1074, 1091 (N.D. Ill. April 9, 2020)

The only condition mentioned in Plaintiff's amended complaint is black mold. Living conditions which "cause inconvenience or discomfort do not rise to the level of a constitutional violation." *Hickman v. St. Clair Cnty. Jail*, 2020 WL 3489239, at *2 (S.D.Ill. June 26, 2020), *citing Adams v. Pate*, 445 F.2d 105, 108-09 (7th Cir. 1971). In addition, "[p]otentially dangerous conditions that are merely noted, but result in no injury, typically fail to state a claim." *Id., citing Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000) ("Because he cannot show injury, he cannot make out a claim....").

Plaintiff does not explain his specific exposure to black mold, nor does he describe any symptoms caused by the condition. Therefore, the Court cannot determine whether Plaintiff has alleged a sufficiently serious condition. *See Arney v. Myers*, 2023 WL 2529351, at *2 (S.D. Ind. Feb. 1, 2023)(plaintiff "does not allege that he has experienced any injury due to the exposure to black mold or bugs."); *Hickman*, 2020 WL 3489239, at *2 (dismissing initial complaint based on black mold because plaintiff "does not adequately describe the mold, other conditions, or any symptoms caused by the conditions."). Plaintiff's amended complaint is dismissed for failure to state a claim upon which relief can be granted.

The Court will allow Plaintiff an opportunity to file a second amended complaint clarifying his living conditions claim against the two Defendants if Plaintiff believes he can articulate a constitutional violation. Plaintiff's second amended complaint must stand complete on its own, includes all claims and Defendants, and must not refer to earlier complaints. As noted, Plaintiff should describe in more detail the scope and duration of his specific exposure to the black mold and any injuries or illness he suffered as a consequence.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file an amended complaint is granted pursuant to Federal Rule of Civil Procedure 15 [7].

2) Plaintiff's amended complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A.

3) If Plaintiff believes he can clarify his allegations and state a violation of his constitutional rights, he may file an amended complaint with 21 days of this order or on or before April 19, 2023. If Plaintiff fails to file an amended complaint on or before the deadline, his case will be dismissed.

4) Plaintiff's motion for appointment of counsel is denied with leave to renew after Plaintiff clarifies his allegation [4].

5) The clerk is to provide Plaintiff a blank complaint form to assist Plaintiff and reset the internal merit review deadline within 21 days of this order.

Entered this 28th day of March, 2023.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE